josephreyesple

1
2  LEONARDO M. RAPADAS
   United States Attorney
3  ROSETTA L. SAN NICOLAS
   Assistant U.S. Attorney
4  Sirena Plaza Suite 500
   108 Hernan Cortez Avenue
5  Hagatna, Guam 96910
   PHONE: 472-7332
6  FAX: 472-7334

7  Attorneys for the United States of America

8

9

10

11

**FILED**
DISTRICT COURT OF GUAM
SEP 29 2006
MARY L.M. MORAN
CLERK OF COURT

**FILED**
DISTRICT COURT OF GUAM
SEP 27 2006  ʀₛ↝
MARY L.M. MORAN
CLERK OF COURT

(12)

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF GUAM

11  UNITED STATES OF AMERICA,           )      CRIMINAL CASE NO. 06-00030
12                          Plaintiff,  )
13                                       )      AMENDED ᴍʸ
                                         )      **PLEA AGREEMENT**
14                                       )
         vs.                             )
15                                       )
16  JOSEPH J.F. REYES,                   )
                                         )
17                          Defendant.   )
    ─────────────────────────────────── )

18      Pursuant to Rule 11(c)(1)(B), the United States and the defendant, JOSEPH J.F. REYES,

19  enter into the following plea agreement:

20      1. The defendant agrees to enter a guilty plea to Count I of the Indictment charging him

21  with being a Felon in Possession of a Firearm, in violation of Title 18, United States Code,

22  Sections 922(g)(1) and 924(a)(2). ᴿˢᴺ The Government agrees to dismiss Count II upon sentencing. ᴿˢᴺ

23      2(a) The defendant, JOSEPH J.F. REYES, further agrees to fully and truthfully cooperate

24  with Federal law enforcement agents concerning their investigation of illegal firearms, and

25  related unlawful activities. Cooperation shall include providing all information known to

26  defendant regarding any criminal activity, including but not limited to the offenses to which he is

27  pleading guilty. Cooperation will also include complying with all reasonable instructions from

28  the United States; submitting to interviews by investigators and attorneys at such reasonable

ORIGINAL

times and places to be determined by counsel for the United States; producing to the United States all non-privileged documents (including claimed personal documents) and other materials in the possession, custody or control of defendant requested by attorneys and agents of the United States; and testifying fully and truthfully before any grand juries, hearings, trials or any other proceedings where defendant's testimony is deemed by the United States to be relevant. Defendant understands that such cooperation shall be provided to any state, territorial, local or federal law enforcement agencies designated by counsel for the United States. Further, it is understood and agreed that defendant shall not directly, indirectly, or intentionally disclose anything defendant knows or had done concerning the United States' investigation to anyone other than defendant's attorney. Defendant agrees to take no steps directly or indirectly to warn any subject of this investigation that defendant, a subject or anyone else is being investigated.

2(b) The United States will make this cooperation known to the Court prior to the defendant's sentencing. The defendant further understands that he remains liable and subject to prosecution for any criminal schemes of which he does not fully advise the United States, or for any material omissions in this regard.

2(c) This agreement is not contingent in any way upon the outcome of any investigation, proceeding or subsequent trial. Thus, none of the rights and obligations described above are in any way dependent upon a grand jury returning an indictment, a jury's verdict at any trial, or the success of any prosecution.

2(d) Except as otherwise herein provided, and in particular as provided in Paragraph 10, the United States agrees not to prosecute defendant for any other non-violent offenses which were committed in the District of Guam or the Northern Mariana Islands (CNMI) which defendant reveals to Federal authorities during his cooperation with the United States. This agreement is limited to crimes committed by defendant in the districts of Guam or the CNMI.

2(e) Also no statement of cooperation made by the defendant subsequent to signing this plea agreement will be used in any way to aggravate the calculations of the advisory sentencing guidelines.

2

3. The defendant, JOSEPH J.F. REYES, further agrees to submit to a polygraph examination by any qualified Federal polygraph examiner. The defendant understands that such polygraph examinations may include, but will not be limited to, his knowledge of or involvement in possession of illegal firearms activities and his knowledge of others' involvement in such activities. Defendant understands that the government will rely on the polygraph in assessing whether he has been fully truthful.

4. The defendant understands that the maximum sentence for being a Felon in Possession of a Firearm is incarceration for ten (10) years and a $250,000 fine. Any sentence imposed shall include a term of supervised release of at least two (2) years but not more than three (3) years in addition to such term of imprisonment, as well as, such restitution as the court may order and a $100 special assessment fee. The $100 special assessment fee must be paid at the time of sentencing. If the defendant violates a condition of supervised release at any time prior to the expiration of such term, the court may revoke the term of supervised release and sentence him to an additional two (2) years of incarceration pursuant to 18 U.S.C. § 3583(e)(3). Therefore, the maximum term of incarceration which defendant could possibly serve is twelve (12) years.

5. The defendant understands that the Court may impose a fine pursuant to the Sentencing Reform Act of 1984. If defendant is financially unable to immediately pay the fine in full, defendant agrees to make a full disclosure of his financial status to the United States Attorney's Office by completing a Financial Disclosure Form (OBD-500) for purpose of fixing a monthly payment schedule. Defendant understands that, by law, interest accrues on any remaining balance of the debt.

6. The defendant understands that the United States Probation Office will calculate a "sentencing range" with the United States Sentencing Guidelines. The defendant understands the Sentencing Guidelines are advisory, but will be used by the District Court in fashioning the sentence. The defendant also understands that the facts he stipulates to herein will be used by probation, pursuant to §1B1.2 of the Sentencing Guidelines, in calculating the advisory guidelines level.

3

7. If defendant pleads guilty to this charge, the government will recommend that defendant receive the statutory minimum or the minimum term of incarceration recommended by the Sentencing Guidelines, whichever is greater. There are no agreements concerning a fine, if any, special assessment, or period of supervised release .

8. Defendant understands the Court is not bound to accept this disposition of the case and may reject the agreement either ~~at the time defendant enters his plea or after receiving and~~ ~~considering a pre-sentence report. If the Court accepts this agreement, the Court shall inform~~ ~~defendant that it will embody in the judgment and sentence the disposition provided for in this~~ ~~agreement. If the Court rejects this agreement, the Court shall, on the record, inform the parties~~ ~~of this fact, advise defendant personally in open court or, on a showing of good cause, in camera,~~ ~~that the Court is not bound by this plea agreement, afford defendant the opportunity to then~~ ~~withdraw his plea, and advise defendant that if defendant persists in his guilty plea, the~~ ~~disposition of the case may be less favorable to defendant than that contemplated by this plea~~ ~~agreement and~~ The Court shall impose upon defendant any sentence up to and including the maximum sentence of ten (10) years imprisonment, and a term of supervised release of up to three (3) years.

9. The defendant understands that to establish the offense of Count I, Felon in Possession of a Firearm, a violation of Title 18, United States Code, Section 922(g)(1), the government must prove each of the following elements beyond a reasonable doubt:

> First: the defendant knowingly possessed a Glock .45 caliber handgun, serial number obliterated;

> Second: the Glock .45 caliber handgun, serial number obliterated had been shipped or transported from a state or foreign nation to Guam; and

> Third: at the time the defendant possessed the Glock .45 caliber handgun, serial number obliterated, he had been convicted of a crime punishable by a term of imprisonment exceeding one year.

10. The defendant stipulates and agrees to the following facts:

a.. The defendant was born in 1976, and is a citizen of the United States;

b. On July 2, 1996, the defendant was convicted in the Superior Court of Guam of a crime punishable by a term of incarceration exceeding one year, to wit: Forgery (Five Counts), as

4

a Third Degree Felony and Criminal Mischief (Four Counts), as a Third Degree Felony, in violation of 9 Guam Code Annotated in Criminal Case Number CF386-96, and Assault in Criminal Case Number CF206-96;

c. On July 2, 2006, the defendant knowingly possessed a Glock .45 caliber handgun, serial number obliterated, and

d. The Glock .45 caliber handgun, serial number obliterated, had been shipped in interstate or foreign commerce.

11. If defendant's guilty plea is rejected, withdrawn, vacated, or reversed at any time, the United States will be free to prosecute the defendant for all charges of which it then has knowledge, and any charges that have been dismissed will be automatically reinstated or may be represented to a grand jury with jurisdiction over the matter. In such event, defendant waives any objections, motions or defenses based upon The Statute of Limitations, Speedy Trial Act, or constitutional restrictions as to the time of bringing such charges.

12. The defendant acknowledges that he has been advised of his rights as set forth below prior to entering into this plea agreement. Specifically, defendant has been fully advised of, has had sufficient opportunity to reflect upon, and understands the following:

a. the nature and elements of the charges and any mandatory minimum penalty provided by law and the maximum possible penalty provided by law;

b. his right to be represented by an attorney;

c. his right to plead not guilty and the right to be tried by a jury and at that trial, the right to be represented by counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself, that is, the right not to testify;

d. that if he pleads guilty, there will not be a further trial of any kind on the charges to which such plea is entered so that by entering into this plea agreement, he waives, that is, gives up, the right to a trial;

e. that, upon entry of a plea of guilty, or thereafter, the Court may ask him questions about the offense to which he has pled, under oath, and that if he answers these questions under

5

oath, on the record, his answers may later be used against him in prosecution for perjury or false statement if an answer is untrue;

f.  that he agrees that the plea agreement is voluntary and not a result of any force, threats or promises apart from this plea agreement;

g.  that he reads, speaks, writes and understands English;

h.  that he has read this agreement, and he fully understands it; and

i.  the defendant is satisfied with the representation of his lawyer and feels that his lawyer has done everything possible for his defense.

13.  In exchange for the Government's concessions in this Plea Agreement, the defendant waives any right to appeal this conviction.

DATED: 9/25/06

JOSEPH J.F. REYES
Defendant

DATED: 9/25/06

RICHARD ARENS
Attorney for Defendant

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

DATED: 9/26/06          By:

ROSETTA L. SAN NICOLAS
Assistant U.S. Attorney

DATED: 9/26/06

JEFFREY J. STRAND
First Assistant U.S. Attorney

6